IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANUELLE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-2-BL-JTA |
| | ) | (WO) |
| GUARDIAN CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court[1] are Defendant Guardian Credit Union's motion to dismiss (Doc. No. 4) and *pro se* Plaintiff Danuelle Jackson's motion to remand (Doc. No. 8.) For the reasons stated below, the undersigned recommends that Plaintiff's motion to remand be granted, Defendant's motion to dismiss be denied as moot, and this action be remanded to the Circuit Court of Montgomery County, Alabama.

## I.    JURISDICTION

Defendant alleges the court has jurisdiction over this action based on federal question jurisdiction because Plaintiff brings a claim arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.[2] If the court has federal question jurisdiction over an FDCPA claim, the court may exercise supplemental jurisdiction over

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. No. 5.)

[2] As explained in this Recommendation, Defendant has not adequately established subject matter jurisdiction.

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On September 3, 2025, Plaintiff filed a *pro se* complaint in the Circuit Court of Montgomery County, Alabama. (Doc. No. 1 at 7–8.) The body of her complaint consisted solely of the following paragraph:

> Guardian Credit Union and its agents (employees) transferred $50.00 from my grandmother-Mildred Suttles personal/savings account on/around April - June 2025 to pay a minimum amount to my credit card without authorization from either of us. Guardian action constitute unauthorized transfer of funds, abuse of power, breach of duty and also harassment calls. I emailed Guardian resolution agents a demand letter and informed them to stop calling and only to email or mail regarding the demand. They continue to call and use robo to call after hours and during hours Im looking for work. They have also removed my access of seeing my grandmothers account as I am an overseer of her accounts via her request.

(Doc. No. 1 at 9 (sic).)

On January 5, 2026, Defendant timely removed the action to this court. (Doc. No. 1.) In the notice of removal, Defendant contended Plaintiff's complaint contains an FDCPA claim over which the court has federal question jurisdiction. (*Id.* at 1–2.)

On January 6, 2026, Defendant filed a motion to dismiss the complaint. (Doc. No. 4.) Plaintiff filed a response, and Defendant filed a reply. (Docs. No. 8, 14, 16; *see* Doc. No. 15).

On February 17, 2026, Plaintiff filed a motion to remand. (Doc. No. 8.) Defendant filed a response, and Plaintiff filed a reply. (Docs. No. 13, 14; *see* Doc. No. 15.)

The motions are ripe for disposition.

2

### III.   STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See id*. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[3] or federal question jurisdiction.[4] *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of establishing the court has subject matter jurisdiction over an action. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Courts "construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party." *Pacheco de Perez*, 139 F.3d at 1373 (citing *Diaz*, 85 F.3d at 1505).

### IV.   DISCUSSION

Plaintiff's complaint includes allegations that Defendant engaged in harassing calls "after hours" demanding Plaintiff pay an overdue credit card bill. (Doc. No. 1 at 9.) Plaintiff emailed Defendant's "resolution agents" instructing them to stop calling her and to contact

---

[3] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hops. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

[4] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

her only by email regarding the demand. (*Id.*) Defendant argues these allegations indicate the presence of a claim for relief under the FDCPA.[5] (Doc. No. 1 at 1–2; Doc. No. 13 at 1–2.) Defendant seeks to bolster its argument by relying on pre-complaint emails from Plaintiff referencing federal statutes and regulations, including the FDCPA. (Doc. No. 13 at 2–3.) Plaintiff, on the other hand, argues her complaint contains only state law claims for "[e]lder financial abuse under Alabama law," "[u]nauthorized transfer of funds (conversion, theft)," "[b]reach of fiduciary duty," "[i]nterference with joint ownership rights," and "[h]arassment and invasion of privacy under Alabama tort law." (Doc. No. 8 at 2; *see also* Doc. No. 14 at 2–3.) For the reasons that follow, the undersigned concludes Defendant has not met its burden to establish the existence of a federal claim nor that this court has subjection matter jurisdiction.

The potential FDCPA claim is the lynchpin of the court's original jurisdiction over this case. If there is no FDCPA claim, there is no removal jurisdiction.[6] "The presence or

---

[5] The FDCPA contains provisions prohibiting debt collectors from "communicat[ing] with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a). With certain exceptions, the FDCPA also requires a debt collector to cease communication with the consumer "[i]f [the] consumer notifies [the] debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication." 15 U.S.C. § 1692c(c). With exceptions not applicable here, constraints do not limit original creditors' attempts to collect a debt, only those of third-party debt collectors. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); 15 U.S.C. § 1692c (constraining "the debt collector['s]" communications to a debtor"); *Davidson v. Cap. One Bank (USA), N.A.*, 797 F.3d 1309, 1315–16 (11th Cir. 2015). Based on the allegations of the complaint, Defendant is a creditor, not a debt collector. Thus, any FDCPA claim would be subject to dismissal.

[6] Defendant acknowledges that the court does not have diversity jurisdiction over Plaintiff's state law claims. (Doc. No. 1 at 2.) "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim." *Caterpillar*, 482 U.S. at 392 (citation modified). The plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 156 (11th Cir. 2024) (citing *Caterpillar*, 482 U.S. at 392).[7] However, if the plaintiff chooses to draft a complaint that states a federal claim on its face, "removal is at the defendant's option." *Caterpillar*, 482 U.S. at 399; *see also Schleider*, 121 F.4th at 156 (explaining that federal question jurisdiction exists "when the complaint—on its face—invokes federal law as the basis for relief"). Thus, the plaintiff's mastery over the complaint is exercised via the plaintiff's choice of what to include within the complaint.

Consequently, to determine whether the complaint states an FDCPA claim, the court must not look to Plaintiff's post-hoc characterization of her complaint, but to the face of the complaint itself. Similarly, the court cannot rely on the pre-complaint emails Defendant proffers to prove Plaintiff's intent to state a federal claim.[8] Under the well-pleaded

---

[7] As *Schleider* notes, however, "even if a plaintiff has pled only state-law claims, a plaintiff may not avoid federal jurisdiction if either: (1) the state-law claims raise substantial questions of federal law or (2) federal law completely preempts the state-law claims." *Schleider* 121 F.4th at 156. Those exceptions do not apply in this case, and Defendant does not argue they do.

[8] Specifically, Defendant offers two emails dated June 4, 2025, three months before Plaintiff filed her complaint, in which Plaintiff accuses Defendant of violating "the Consumer Financial Protection Bureau (CFPB), Federal Trade Commission (FTC), . . . state and federal regulators [sic]," "[t]he Electronic Fund Transfer Act and Regulation E," "[p]otential violations of the Gramm-Leach-Bliley Act and other privacy laws," and again, "[t]he Fair Debt Collection Practices Act (15 U.S.C. 1692f)." (Doc. No. 13-1 at 6–8 (sic).) Not even Defendant contends Plaintiff seeks

complaint rule, a federal claim's presence is established by whether Plaintiff alleged such a claim on the face of the complaint, not whether she mentioned a statute in an email three months prior to filing suit,[9] and not whether she intended to include a federal claim in a complaint that does not state one.[10] *See Schleider*, 121 F.4th at 156. Defendant cites no legal authority to suggest otherwise.

On its face, the complaint is a shotgun complaint, which hobbles the analysis of exactly what claims Plaintiff alleged on the face of her complaint. It consists of a single paragraph collecting brief factual allegations concerning several instances of alleged wrongful actions by Defendant. It contains no clear indication what Plaintiff's legal claims

---

relief in this action under all these laws and statutes. Notably, Defendant does not contend Plaintiff's FDCPA claims arise under § 1692f, the only section of the FDCPA specifically identified in Plaintiff's emails. (*See* Doc. No. 13 at 2 ("Specifically, Plaintiff's [c]omplaint appears to attempt to invoke 15 U.S.C. § 1692c.").)

[9] Plaintiff was not required to research the law before sending her emails, but she was required to do so before placing her signature on her complaint and she was required to allege only claims of arguable merit. *See* Fed. R. Civ. P. 11(a)–(b) (providing that a *pro se* litigant's signature on her pleadings represents that, to the best of her knowledge, her "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). Additionally, Plaintiff's email to Defendant indicates she may have realized she could not bring an FDCPA claim on the facts alleged in the complaint. In one of the June 4, 2025 emails, Plaintiff states: "The Fair Debt Collection Practices Act (15 U.S.C. 1692f), *if a third-party collector is involved*, prohibits unfair or unconscionable means of debt collection." (Doc. No. 13-1 at 8 (emphasis added).)

[10] In fact, when a plaintiff intends to state a claim on the face of a complaint but fails to do so, that claim cannot be imputed to the pleadings based on subsequent evidence that the failure was merely a pleading error. The claim can be added to the action only by amendment in accordance with Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a); *Moncrief v. City of Montgomery*, No. 2:23-cv-331-JTA, 2025 WL 3143037, at *4 n.15 (M.D. Ala. Nov. 10, 2025) (noting that, in lieu of properly amending the pleadings to state a claim not present on the face of the complaint, a plaintiff cannot file a "notice of correction" to add a claim the plaintiff intended to include in the pleadings, but inadvertently omitted).

are, under what laws Plaintiff seeks relief, or how the alleged facts entitle Plaintiff to relief on her claims as required by Fed. R. Civ. P. 8(a).[11] Plaintiff's failure to follow Fed. R. Civ. P 10(b)[12] wholly obscures what claims are founded upon which facts. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) (noting that shotgun complaints include those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and those that do not "separate[e] into a different count each cause of action or claim for relief"). Thus, like all shotgun complaints, the complaint so fails to satisfy Rules 8(a) and 10(b) that it does not provide "adequate notice of the claims against [Defendant] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

In short, it is virtually impossible to determine from the face of the complaint what claims Plaintiff asserts against Defendant, including whether she asserts an FDCPA or other claim that arises under federal law. Therefore, Defendant has not met its burden to demonstrate that the complaint states a federal claim over which this court has original jurisdiction. *See Schleider*, 121 F.4th at 155 ("'A removing defendant bears the burden of proving proper federal jurisdiction.'" (quoting *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008)). In fact, the complaint could just as plausibly be

---

[11] Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[12] Rule 10(b) requires that a complaint "must state its claims . . . in numbered paragraphs, each limited to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) also requires that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."

construed as containing only state law claims. Thus, at best, the complaint is ambiguous[13] as to whether it states a federal claim, and all doubts are to be resolved in favor of remand. *Adventure Outdoors*, 552 F.3d at 1294 ("Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." (citing *Diaz*, 85 F.3d at 1505)); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (citations omitted)). Consequently, remand is warranted.

Further, because remand is warranted, the motion to dismiss is due to be denied as moot.[14]

---

[13] The undersigned has considered whether Plaintiff should be ordered to file an amended complaint plainly stating her claims in accordance with the Federal Rules of Civil Procedure, but doing so would not prevent remand. Plaintiff has not moved to amend, but her filings make clear that any amendment certainly would not include a claim arising under federal law. (*See* Docs. No. 8, 14.) Accordingly, allowing amendment would still necessitate remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025) (holding that a federal court "loses its supplemental jurisdiction over . . . related state law claims" when "the plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind").

[14] Ultimately, even if the complaint did clearly state an FDCPA claim on its face, remand would still be warranted. It is undisputed that the motion to dismiss would be due to be granted as to any FDCPA claim because Defendant is not subject to the FDCPA. Dismissal of the FDCPA claim would, in turn, warrant remand of the remaining state law claims. *See* 28 U.S.C. § 1367(c) (listing circumstances under which a district court may decline to exercise supplemental jurisdiction over state law claims); 28 U.S.C. § 1447(c); *McNeal v. Exeter Fin. LLC*, No. 2:24-cv-165-MHT-JTA, 2025 WL 2426302, at *8 (M.D. Ala. July 14, 2025) (collecting cases and listing factors for consideration when declining to exercise supplemental jurisdiction), *report and recommendation adopted*, No. 2:24-cv-165-MHT, 2025 WL 2423742 (M.D. Ala. Aug. 21, 2025). Still, the complaint does not clearly allege an FDCPA claim over which the court has jurisdiction. Consequently, dismissing such a claim on the merits would be improper. *See Univ. of S. Ala.*, 168 F.3d at 411 ("A presumption in favor of remand is necessary because if a federal court reaches the

## V.    CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that

1.    Plaintiff's motion to remand (Doc. No. 8) be GRANTED.

2.    Defendant's motion to dismiss (Doc. No. 4) be DENIED as moot.

3.    This action be REMANDED to the Circuit Court of Montgomery County, Alabama.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **July 10, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning*

---

merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 26th day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE